IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-80020 |
| | ) | |
| FERN E. PAZIAK, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Order Denying Motion for Relief**

Best Price Homebuyers, LLC ("Homebuyers") filed a motion for relief from stay to compel the debtor to specifically perform a pre-petition agreement to sell her home. The motion is denied. The debtor was granted a discharge. Homebuyers is enjoined from proceeding with its claim in state court. The agreement is a rejected executory contact subject to the discharge injunction. The parties have material unperformed obligations, and Homebuyers has a remedy that can be monetized.

*Findings of Fact*

The debtor agreed to sell her home to Homebuyers and signed a purchase agreement on March 11, 2021, with a closing date of May 10, 2021. Four days after signing, the debtor informed Homebuyers she would not sell her home. Homebuyers filed suit in Nebraska state court. The complaint is not in evidence, but Homebuyers asserts it sought specific performance. Before the state court case could be tried, the debtor filed for Chapter 7 bankruptcy protection. The Chapter 7 trustee abandoned the home. In its motion for relief Homebuyers asserts the case was filed in bad faith. But it did not file a motion to dismiss or object to the debtor's discharge. The debtor was granted a discharge on April 25, 2022.

*Conclusions of Law*

Because the Chapter 7 trustee abandoned the home and the debtor was granted a discharge, the primary issue is whether Homebuyers' claim for specific performance is barred by the post-discharge injunction, which issue the debtor raised in its objection to the motion. The court directed the parties to address the issue. Homebuyers contends the agreement is not an executory contract. Alternatively, it contends even if the agreement is executory, its action for specific performance is not subject to the post-discharge injunction.

The first issue is whether the agreement is executory. In cases under Chapter 7, the trustee may assume or reject an executory contract within 60 days of the order for relief. *See* 11 U.S.C. § 365(d)(1). If the trustee does not timely assume an executory contract, the contract is deemed rejected. *See id*. If the contract is rejected, the rejection constitutes a pre-petition breach. *See id*. § 365(g). The claim for rejection under § 365 is allowed or disallowed as if the claim arose before the petition was filed. *See id*. § 502(g).

Whether a contract is executory is a question of federal law. *See Cameron v. Pfaff Plumbing & Heating, Inc.*, 966 F.2d 414, 416 (8th Cir. 1992). "The legislative history of § 365 states that the term executory contract 'generally includes contracts on which performance remains due to some extent on both sides.'" *Id.* The Eighth Circuit adopted the Countryman definition of an executory contract, which is a "contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *Lewis Bros. Bakeries Inc. v. Interstate Brands Corp. (In re Interstate Bakeries Corp.)*, 751 F.3d 955, 962 (8th Cir. 2014) (citations omitted).

The Nebraska Supreme Court stated the consequences of renunciation of a contract to sell real estate, referring to such a contract as "executory". The debtor's failure to convey the real estate constitutes a material breach that would excuse the performance of Homebuyers.

> Where one party to an executory contract to sell and convey real estate, prior to breach by him and before time for performance by either party has arrived, unequivocally states that he cannot and will not perform, when the time of performance arrives, the other party may either treat such renunciation as an abandonment or breach of contract by affirmative election so to do, or he may treat such renunciation as inoperative, and await the time of performance and then hold the one party responsible for all consequences of nonperformance, including specific performance in a proper case, but in case he keeps the contract alive, it lives for the benefit of both parties, and he remains subject to all of his obligations under it, and enables the one party to complete the contract, notwithstanding his previous renunciation, with the same force and effect as if such prior renunciation had never been made.

*Stauffer v. Benson*, 850 N.W.2d 759, 768–69 (Neb. 2014) (quoting *Lang v. Todd*, 28 N.W.2d 434, 437–38 (Neb. 1947)).

The agreement is executory under federal bankruptcy law. It is wholly unperformed. The debtor refused to perform four days after she entered it. Although Homebuyers' performance is excused for the purpose of maintaining a lawsuit, it has not performed. In addition to other obligations in the agreement, Homebuyers did not tender or pay the purchase price.

Homebuyers contends the agreement is not executory because the debtor breached it when she refused to close. This legal argument is contrary to the state law holding in *Stauffer*. But there appears to be some support for the proposition in a few bankruptcy cases.

> There is authority that when a debtor breaches a contract prepetition so that the other contracting party has no further duty to perform but rather holds a claim against the debtor, the contract is no longer executory for purposes of 11 U.S.C.A. § 365. Yet this view has been rejected by other authority, the court pointing out in one case that most debtors have

breached some executory contracts prepetition and that 11 U.S.C.A. § 365 expressly provides an opportunity to cure such defaults before the assumption of the agreement.

§ 9:1278. *Effect of prepetition breach on whether contract is executory*, 5A Fed. Proc., L. Ed. § 9:1278.

Homebuyers directs the court to authority and to cases involving option contracts. *See, e.g. In re Orla Enters., Inc.*, 399 B.R. 25 (Bankr. N.D. Ill. 2009); *786 Enters. Inc. v. Millennium Super Stop II, LLC (In re Millennium Super Stop II, LLC)*, 569 B.R. 331, 338 (Bankr. W.D. Mo. 2017). But cases involving option contracts are not necessarily comparable. An unexercised option is typically not an executory contract. The party with the option does not breach the contract by doing nothing. Rather, an option to purchase "is a unilateral contract that becomes a bilateral executory contract once it is exercised." *In re Orla Enters.*, 399 B.R. at 28. The court in *Orla Enterprises* does use language lending support to Homebuyers' argument. But the option contact at issue ultimately was not executory because the lease in which the option was contained was terminated. The termination of the lease terminated the option and made the option non-executory. *See id. at* 30.

Likewise, unlike this case, in *Millennium Super Stop*, the contract was not executory because the non-debtor fully performed its obligations.

> Here, 786 [the non-debtor] had fully performed under the Option to the extent possible given Debtor's failure to perform and breach of the option. 786 thus has no further duty to perform but rather holds a claim against Debtor and the contract is no longer executory for purposes of § 365.

*In re Millennium Super Stop*, 569 B.R. at 338. These cases do not dissuade the court from finding the debtor's agreement with Homebuyers is executory.

The second issue is Homebuyers' contention its right to specific performance is not discharged because its right to specific performance is not a "*claim*" subject to the discharge injunction. When the debtor is granted a discharge, it operates as an injunction against continuing an action to recover any "*debt* as a personal liability of the debtor". 11 U.S.C. § 524(a)(2). A "*debt*" means "liability on a *claim*." *Id*. § 101(12). A "*claim*" includes:

> [A] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

*Id*. § 101(5)(B). Homebuyers argues specific performance is the equitable remedy under Nebraska law when a vendor refuses to convey real estate. It argues the breach of the purchase agreement "cannot be reduced to an amount payable by the Debtor."

Homebuyers' right to specific performance is a "claim" subject to the discharge injunction. The debtor's breach of performance "gives rise to a right to a payment" under both the Bankruptcy Code and Nebraska law. The Code provides, "There shall be estimated for purpose of allowance under this section … any right to payment arising from a right to an equitable remedy for breach of performance." 11 U.S.C. § 502(c)(2). Although Nebraska law allows claims for specific performance, it alternatively allows the purchaser to recover money damages. "The general measure of damages for a breach of contract to convey land is the market value at the time of breach less the contract price." *Kerrey Const. Co. v. Hunt*, 331 N.W.2d 519, 521 (Neb. 1983) (citations omitted). Homebuyers' claim can be monetized. Its claim is subject to the discharge injunction.

The "strong majority" of courts hold a party seeking specific performance "can be forced to accept claims for money damages in bankruptcy". *In re Spoverlook, LLC*, 560 B.R. 358, 363 (Bankr. D.N.M. 2016) (citing cases). The court reasoned:

> The majority rule is consistent with the statutory construction maxim *expression [sic] unius est exclusio alterius*. Section 365 identifies two instances in which the non-debtor may demand specific performance following contract rejection: § 365(i) (a non-debtor already in possession of real property is entitle[d] to complete a pending sale), and § 365(n) (rejection cannot terminate the intellectual property rights of a technology licensee). These sections imply that Congress considered the issue of specific performance and limited the remedy as specified.

*Id.* (citations omitted). Homebuyers' claim for specific performance is subject to the discharge injunction.

### *Conclusion*

The motion for relief from stay (Doc. #10) is denied. Best Price Homebuyers, LLC, is enjoined from proceeding with its claim for specific performance in state court in the case pending in the District Court of Douglas County, Nebraska, at Case No. CI 21-4846 or in any other case.

Dated: May 25, 2022

BY THE COURT:

/s/ Brian S. Kruse
Bankruptcy Judge

Notice given by the court to:
* William Oliver Jenkins
Francis X. Skrupa
Jason C. Hubbard
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.